UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CONNIE GARCIA,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:14-cv-201

District Judge Walter Herbert Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS CASE BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 12), the administrative record (doc. 5),[2] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB on February 1, 2011, alleging a disability onset date of August 31, 2010. PageID 36. Plaintiff claims disability as a result of a number of impairments including,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

*inter alia*, chronic obstructive pulmonary disease ("COPD") and mild lumbar degenerative disc disease.  PageID 38.

After initial denial of her applications, Plaintiff received a hearing before ALJ Amelia Lombardo on August 29, 2012.  PageID 52.  The ALJ issued a written decision thereafter finding Plaintiff not disabled.  PageID 45.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since August 31, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD) and mild lumbar degenerative disc disease (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity [RFC] to perform light work[3] as defined in 20 C.F.R. 404.1567(b) except that she needs a clean air environment (no exposure to gas, fumes, etc.).

6. The claimant is capable of performing past relevant work as a dispensing optician.  This work does not require the performance of work related activities precluded by the claimant's [RFC] (20 C.F.R. 404.1565).

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id.*  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  20 C.F.R. § 404.1567(a).

  7.  The claimant has not been under a disability, as defined in the Social Security Act, from August 31, 2010, through the date of this decision (20 C.F.R. 404.1520(f)).

PageID 38-45.

  Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 26. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

  **B. Evidence of Record**

  In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 38-44. Plaintiff, in her Statement of Errors, sets forth a detailed summary of the record evidence. PageID 345-51. The Commissioner presents no specific objection to Plaintiff's summary and defers to the ALJ's recitation of the relevant medical evidence. PageID 363. Except as otherwise noted in this Report and Recommendation, the undersigned incorporates Plaintiff's summary and the ALJ's recitation of the evidence.

### II.

  **A. Standard of Review**

  The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry – reviewing the correctness of the ALJ's legal analysis – may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?

3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?

5.  Assuming the claimant can no longer perform his or her past relevant work – and also considering the claimant's age, education, past work experience, and RFC – do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff alleges that the ALJ erred in: (1) failing to properly weigh the opinion of Joseph Payton, D.C., her treating chiropractor;[4] and (2) not developing the record regarding her mental impairments and/or considering such impairments -- whether severe or not -- throughout the sequential review process. PageID 351. The undersigned finds that the ALJ failed to consider Plaintiff's mental impairments in determining her RFC and, therefore, reversal of the non-disability finding is warranted.

---

[4] With regard to the ALJ's analysis of Dr. Payton's opinion, the undersigned notes that a chiropractor is not considered an "acceptable medical source," and, instead, is considered an "other source." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997); *see also* 20 C.F.R. § 404.1513(d)(1). "Other source" opinions must be considered by an ALJ in determining disability status. *See* SSR 06–03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). In so doing, an ALJ "should explain the weight given to [such] opinions . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id*. Here, the undersigned finds that substantial evidence supports the ALJ's analysis of Dr. Payton's opinion and that she meaningfully explained her conclusion in this regard. PageID 44. However, because the Court finds remand required as set forth *infra*, the ALJ, on remand, should reassess the weight accorded to Dr. Payton's opinion in conjunction with the ALJ's review of Plaintiff's RFC. That review should include an analysis of all of Plaintiff's impairments, whether severe or not.

At Step Two of the sequential review process, the ALJ found that Plaintiff's COPD and lumbar disc disease were "severe" impairments under 20 C.F.R. § 404.1520(c). PageID 38. However, the ALJ found that Plaintiff's mental impairments were not severe because, after considering the "four broad functional areas . . . known as the 'paragraph B' criteria[,]" she determined Plaintiff's "mental impairments cause no more than 'mild' limitation in any of the first three functional areas" [*i.e.*, activities of daily living; social functioning; and concentration, persistence, and pace], and because there were no extended episodes of decompensation. PageID 38-39.

Where, as here, the ALJ finds at Step Two that a claimant suffers from at least one severe impairment, the ALJ is required to consider the limiting effects of *all* impairments -- including limitations resulting from non-severe impairments -- when determining the claimant's RFC at Steps Four and Five. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009) (holding that, "[o]nce one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe"); *see also Johnson v. Colvin*, No. 3:13cv301, 2014 WL 6603376, at *7-8 (S.D. Ohio Nov. 19, 2014). "[T]o the extent an ALJ determines that an identified impairment, severe or non-severe, does not result in any work-related restrictions or limitations, the ALJ 'is required to state the basis for such conclusion.'" *Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at *6 (E.D. Mich. Feb. 27, 2015); *see also Murray v. Colvin*, No. 3:12-0410, 2014 WL 5323061, at *12 (M.D. Tenn. Oct. 16, 2014). Failure to state the basis -- for including no limitations arising from non-severe impairments -- is error. *See Meadows v. Comm'r of Soc. Sec.*, No. 1:07cv1010, 2008 WL 4911243, at *13 (S.D. Ohio Nov. 13, 2008).

Further, "a Step Two analysis is distinct from the ALJ's obligation to consider the impact of Plaintiff's non-severe impairments in addition to and in conjunction with Plaintiff's severe impairments in assessing Plaintiff's RFC." *Singleton v. Comm'r of Soc. Sec.*, No. 3:14-cv-140, 2015 WL 2381162, at *3 (S.D. Ohio May 19, 2015) (quoting *Katona*, 2015 WL 871617, at *6). Here, the ALJ acknowledged that the Step Two determination is distinct from an RFC determination by stating that:

> [t]he limitations identified in the "paragraph B" criteria are not a[n] [RFC] assessment but are used to rate the severity of mental impairments at [S]teps [Two] and [Three] of thee sequential evaluation process. The mental [RFC] assessment used at [S]teps [Four] and [Five] . . . requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p).

PageID 39.

Despite such acknowledgment, however, the ALJ nevertheless included no limitations arising from Plaintiff's mental impairments simply "because . . . the claimant's depression causes no more than mild impairment in the 'paragraph B' criteria[.]" *Id*. In other words, the ALJ found no limitations arising from Plaintiff's mental impairments simply because those impairments were not severe. *Id*. Such conclusion is error because it conflates the distinct steps of the sequential review process and fails to reasonably explain the absence of limitations arising from Plaintiff's mental impairments. This error is not harmless. *See Meadows*, 2008 WL 4911243, at *13.

Accordingly, because the ALJ failed to consider Plaintiff's mental impairments in determining her RFC, the undersigned finds that the ALJ's non-disability finding should be reversed.

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits.  The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

Here, remand for further proceedings is necessary so that the ALJ can properly evaluate Plaintiff's mental impairments -- separately or in conjunction with her other impairments -- in determining her RFC, and assess Plaintiff's disability status anew.

### V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This case be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: July 20, 2015                    s/ Michael J. Newman
                                                             Michael J. Newman
                                                             United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).